UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RILEY LOUIS GILLMAN,

                Plaintiff,

vs.                                 Case No.  3:11-cv-1067-J-37MCR

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on December 8, 2008, alleging he became disabled on April 25, 2007.  (Tr. 179-85, 211).  The Social Security Administration denied Plaintiff's application initially and on reconsideration.  (Tr. 72-83, 87-95).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ").  (Tr. 36-71, 96-97).  On November 17, 2010, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 14-35).  Plaintiff requested review of the

_____

[1]        The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 23).

ALJ's decision, which the Appeals Council denied, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 5-13). Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff was 39 years old at the time of the ALJ's decision. (Tr. 14-35, 41, 210). He completed the eighth grade and had past relevant work as a construction worker and tree cutter. (Tr. 41, 63-64, 219). Plaintiff claims he is disabled due to herniated discs, sciatica, pinched nerves, degenerative disc disease, memory loss, depression, and anxiety. (Tr. 214-15).

### B.   Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

        In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ found Plaintiff suffered from the following severe impairments: degenerative joint disease, posttraumatic stress disorder, anxiety-related disorder, depression, and migraines.  (Tr. 19).  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work.[2] Specifically, the ALJ found:

---

        [2]        "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.927(b).

> [Plaintiff]'s impairments require he be given the option to alternate between periods of sitting and standing. [Plaintiff] also has postural limitations that allow him to only occasionally perform tasks that require balancing, stooping, kneeling, crouching, or the climbing of stairs. [Plaintiff] can never perform tasks that require crawling or the use of ropes, ladders, and scaffolds. [Plaintiff] must also avoid concentrated exposure to hazards such as machinery or heights. [Plaintiff] is limited to simple, routine, repetitive tasks involving up to three-step commands with occasional changes in the work setting, judgment or decision-making. Lastly, [Plaintiff] is limited to work requiring only occasional interaction with the public and co-workers.

(Tr. 21).

At the hearing, the ALJ utilized the testimony of a vocational expert (the "VE"). The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations. The VE testified that the hypothetical individual could not perform Plaintiff's past relevant work but could perform jobs that existed in significant numbers in the national economy. (Tr. 27-29). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 29).

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff's Memorandum is less than three pages in its entirety and the arguments raised have not been developed. See (Doc. 27); see also Russell v. Astrue, 2009 U.S. Dist. LEXIS 19393 (M.D. Fla. 2009) ("[T]he plaintiff's failure to develop any argument showing that the law judge erred ... defeats her claim."); see also Rowe v. Schreiber, 139 F.3d 1381 (11th Cir. 1998) (noting that in the absence of an argument, the issue is deemed abandoned). It appears Plaintiff contends that the ALJ's decision is not supported by substantial evidence because he failed to adequately address Plaintiff's

subject complaints of pain and failed to properly consider the opinions of Plaintiff's treating physicians. The Court will consider each of these arguments.

The standard for evaluating subjective complaints requires the following:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain/limitations arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain/limitations.

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). A claimant's statements about pain or other symptoms will not alone establish disability. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Rather, medical signs and laboratory findings must be present showing a medical impairment(s) that could reasonably be expected to produce the symptom(s) alleged. Id.; see also Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). When an impairment that could reasonably be expected to produce the symptoms alleged has been shown, the intensity and persistence of the symptoms, such as pain, will be evaluated based on all the evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c). The district court reviews the ALJ's credibility determination to determine whether, as a whole, it is supported by substantial evidence of record. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Though the ALJ's credibility determination cannot be so broad to prevent subsequent review, the ALJ need not cite to particular phrases or formulations in making his credibility determination. Id. at 1210. The nature of a claimant's symptoms, the effectiveness of medication, the claimant's activities, and other factors are relevant in the consideration of subjective symptoms

such as pain. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Macia v. Bowen, 829 F.2d 1009 (11th Cir. 1987).

Here, the ALJ determined that Plaintiff's subjective complaints concerning the intensity, persistence, and limiting effects of his alleged symptoms, including pain, were not completely credible. As the ALJ noted, Plaintiff's treatment records from the relevant period fail to establish disabling limitations. (Tr. 21-27). Although Plaintiff alleges he became disabled after sustaining an injury on April 25, 2007, he did not seek treatment until January 18, 2008. (Tr. 23, 44-46, 215, 520-21). This gap in treatment undermines Plaintiff's credibility and claim of disability. See Dyer, 395 F.3d at 1211. In addition, x-rays taken at that time revealed no significant findings. (Tr. 314). Consistent with the ALJ's opinion, Dr. Abraham Rogozinski, M.D., performed a consultative examination and concluded Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. Further concluded Plaintiff should be allowed to change positions hourly, and should avoid climbing, unprotected heights, and frequent bending, twisting, lifting, and overhead activities.[3] (Tr. 21, 524). On August 4, 2008, Dr. Rogozinski opined Plaintiff could work at the medium exertional level. (Tr. 535-36).

Plaintiff's activities further support the ALJ's credibility determination. As the ALJ noted, Plaintiff lived alone and was capable of cooking, cleaning, performing yard work, and fishing. (Tr. 25, 234). Plaintiff reported doing temporary work for a friend and

---

[3]     Similarly, consultative examiner Dr. Badri Mehrotra, M.D., noted no remarkable examination findings other than tenderness of Plaintiff's lumbar spine and some difficulty bending forward and flexion and extension of his neck. (Tr. 422-27).

helping a family member "walk ponies."  (Tr. 530, 534).  Plaintiff also testified he had

recently applied for between 75 and 100 jobs.  (Tr. 25, 45).

      With regard to Plaintiff's contention that the ALJ failed to properly evaluate the

medical opinion evidence of his treating physicians (Doc. 27, ¶ 6), the Court finds this

argument without merit.  A treating physician's opinion will be granted controlling weight

if it is consistent with other medical evidence and is well-supported by acceptable

clinical and diagnostic techniques.  20 C.F.R. §§ 404.1527(d)(2), 406.927(d)(2).

Treating physicians are granted such deference because they are most able to provide

a detailed, longitudinal picture of the patient's medical status.  Id.  However, where

some medical evidence is found to be inconsistent with the treating physician's opinion,

the ALJ should give that opinion "substantial or considerable" weight unless "good

cause" is shown to the contrary.  Lewis v. Callahan, 125 F.3d 1436, 1140 (11th Cir.

1997); accord 20 C.F.R. §§ 404.1527(d)(2), 406.927(d)(2).  The Eleventh Circuit has

found "good cause" to exist where: (1) the opinion was not bolstered by the evidence;

(2) the evidence supported a contrary finding; or (3) the opinion was conclusory or

inconsistent with the doctor's own medical records.  Wright v. Barnhart, 153 F. App'x

678, 684 (11th Cir. 2005).

      Here, Plaintiff's psychiatrist Dr. Richard Christensen, M.D.'s opinion that Plaintiff

was "incapable of working," this issue is reserved for the Commissioner.  (Tr. 27, 517);

see 20 C.F.R. §§ 404.1527(e), 416.927(e).  Opinions on whether Plaintiff is disabled

and Plaintiff's RFC "are not medical opinions, ... but are, instead, opinions on issues

reserved to the Commissioner because they are administrative findings that are

dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(e).  "[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."  SSR 96-5p.  The ALJ had the duty to determine whether Plaintiff was disabled and, therefore, Dr. Christensen's opinion regarding the issue was not entitled to special significance or controlling weight.  (Tr. 27, 517).

In addition, the Court finds substantial evidence supports the ALJ's decision to give little weight to the opinion of Dr. Mary Robinson, M.D.  (Tr. 26, 518).  Dr. Robinson's opinions that Plaintiff is "unable to focus, concentrate and perform even basic activities of daily life" and "has severe restrictions on bending, lifting, squatting, twisting, and sitting," are inconsistent with Plaintiff's own reports of daily activities, which included cleaning, cooking, and fishing.  (Tr. 26-27, 518).  Further, as the ALJ noted, Dr. Robinson is a mental health specialist, and the ALJ was thus justified in assigning more weight to the opinions of Plaintiff's orthopedist, Dr. Rogozinski, on the issue of Plaintiff's physical limitations.  (Tr. 27, 518, 522-38).

In light of the foregoing, the Court finds that Plaintiff failed to meet his burden of providing evidence to support his allegations of disabling limitations.  See 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c).  The record, including the objective medical findings, Plaintiff's activities, and treatment history, provide substantial evidence to support the ALJ's decision.

IV.    **CONCLUSION**

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   15th   day of January, 2013.


_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
*Pro Se* Plaintiff